IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-00181

| | | |
|---|---|---|
| CHRISTY N. OBIMAH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AMERICAN RED CROSS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. No. 6) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion has been fully briefed and is ripe for disposition.

## I.    FACTUAL BACKGROUND

Plaintiff Christy N. Obimah ("Plaintiff") initiated this claim against her former employer Defendant American Red Cross ("Defendant") alleging hostile work environment and retaliation under both Title VII and 42 U.S.C. §1981.

Plaintiff was hired by Defendant on or about July 20, 2000 as a senior accountant. Plaintiff, who is Nigerian, alleges that she endured harassment and ridicule because of her national origin. Specifically, Plaintiff alleges that she was often ridiculed because of her accent and about "Nigerian scams and Nigerian leaders being crooks." (Compl., Doc. No. 1, p. 2). Plaintiff was also allegedly told that "she had better go back to Africa" and that Homeland Security should not have let her back into the country after she took a trip to Nigeria. (*Id.*).

1

Additionally, Plaintiff alleges she was mocked regarding the similarity of her name to President Obama and told she cannot be promoted because "there was no telling how many Mercedes-Benz she would get." (*Id*.).

In August 2015, Plaintiff sought help from Defendant's Human Resources Department to address the alleged discriminatory conduct to which she had been subjected. Plaintiff claims her working conditions deteriorated after she reported her complaints to Human Resources. Plaintiff alleges that her work was more strictly scrutinized and that she was ultimately terminated on November 18, 2015 as a result of her complaints.

## II.   DISCUSSION

### A. Standard of Review

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly* at 556). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Conclusory allegations or legal conclusions are not entitled to the assumption of truth. *Id.* at 681.

## B. Title VII Claims

Plaintiff's Complaint alleges both retaliation and hostile work environment under Title VII. A plaintiff has ninety (90) days from the date of receipt of the EEOC Right–to–Sue Letter in which to file an action. 42 U.S.C. §§ 2000e–5; *See also Land v. Food Lion, Inc*., No. 3:12–cv–00006–GCM, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) ("Failure to bring suit within the prescribed ninety day limit of 42 U.S.C. § 2000e–5 is grounds for dismissal of this action.") (quoting *Reid v. Potter,* No. 3:06cv267, 2007 WL 3396424, *2 (W.D.N.C. Nov. 9, 2007)). "Where the date of the receipt is unknown or in dispute, courts presume receipt three days after the date of mailing by the EEOC." *Id.* (*citing Taylor v. Potter*, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005)). The issuance of a second notice only tolls the 90 day limitation when the second notice is issued pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b),(d). *See Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (citing *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir.1997)).

The Right to Sue Letter in this case was mailed on January 4, 2018 but was erroneously dated January 4, *2017*. The EEOC issued a corrected Dismissal and Notice of Rights to Plaintiff dated January 10, 2018. Plaintiff filed her lawsuit on April 10, 2018. It is undisputed that Plaintiff filed too late with respect to her receipt of the original EEOC letter, but Plaintiff argues that her claim should still be allowed because she filed within 90 days of receipt the corrected letter. However, the second notice did not restart the 90 day requirement because it merely corrected a technical defect. *See id.* As Plaintiff filed her Complaint 96 days after the issuance of her right to sue letter, her Title VII claims must be dismissed.

### C.  Section 1981 Claims

#### 1.  Hostile Work Environment

Plaintiff's Complaint also alleges hostile work environment under section 1981.  To state a claim for hostile work environment, Plaintiff must show that: (1) the harassment was unwelcome; (2) the harassment was based on her protected status; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer.  *See Causey v. Balog*, 162 F.3d 795, 801 (2005) (citing *Hartsell v. Duplex Prods., Inc.,* 123 F.3d 766, 772 (4th Cir.1997)).  "Section 1981 prohibits discrimination on the basis of race, but does not provide protection for individuals based solely on their 'place or nation of origin.'"  *Quraishi v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. CIV. CCB-13-10, 2013 WL 2370449, at *2 (D. Md. May 30, 2013) (quoting *Saint Francis Coll. v. Al–Khazraji*, 481 U.S. 604, 613 (1987)).  Although, the U.S. Supreme Court has construed the term "race" broadly, courts in the Fourth Circuit have held that a plaintiff must first demonstrate that "he actually faced intentional discrimination based on his ancestry or ethnic characteristics, rather than solely on his place of origin."  *Id.*  Where "a plaintiff's allegations reference only his place of origin and do not focus on specific ethnic characteristics associated with that place of origin, the broad construction of race under section 1981 does not apply."  *Id.*

Here, Plaintiff's Complaint explicitly alleges only national origin discrimination.  The first cause of action is labeled "National Origin Discrimination" and alleges that "Defendant's behavior toward Plaintiff, a naturalized citizen born in a different country" violated section 1981.  (Compl., p. 4).  Nowhere in the Complaint does Plaintiff allege that the harassment resulted from any type of racial animus.  While the court is mindful of the need for caution against premature dismissal

of these types of cases, the Court is relying on Plaintiff's explicit labeling and characterization of her claim. *See Woods v. City of Greensboro*, 855 F.3d 639, 652 (4th Cir. 2017) ("there is thus a real risk that legitimate discrimination claims… will be dismissed should a judge substitute his or her view of the likely reason for a particular action in place of the controlling plausibility standard.").

Additionally, courts have consistently found that similar allegations constitute national origin discrimination instead of racial discrimination. For example, mocking a person's accent has repeatedly been found to constitute national origin discrimination. *See Quraishi*, 2013 WL 2370449, at *2 (citing *Saleh v. Univ. of Va.,* No. Civ.A. 3:97–CV–460 R, 1999 WL 34798179, at *18 (E.D.Va. Feb.25, 1999)). The comments regarding "Nigerian scammers" and "Nigerian crooks" are similarly related to national origin, as these allegations are not tied to "specific ethnic characteristics associated with that place of origin." *See id.* (quoting *Akinjide v. Univ. of Md. E. Shore,* Civ. No. DKC 09–2595, 2011 WL 4899999, at *8 (D.Md. Oct. 13, 2011). The closest Plaintiff comes to alleging any type of racial discrimination is her claim that she was told "she had better go back to Africa." While in other circumstances this could be considered racial discrimination, discrimination based strictly off an *origination* in Africa only constitutes national origin discrimination. The Fourth Circuit in *Nnadozie v. Genesis Healthcare Corp.* refused to characterize similar allegations as racial discrimination, stating:

> With evidence of some nexus between ethnic or ancestral characteristics and workplace discrimination, there is no reason why a plaintiff cannot bring a Section 1981 claim on the basis of being "African" or "Nigerian." Still, the scope of Section 1981 protection is not unlimited… at the very least, a Section 1981 claim must allege race-based discrimination.

*Nnadozie v. Genesis Healthcare Corp.*, No. 17-1272, 2018 U.S. App. LEXIS 9644, at *11-12 (4th Cir. Apr. 17, 2018).   When the statement at issue is put in the context of Plaintiff's other allegations, as well as the fact that Plaintiff does not explicitly claim racial discrimination, it clearly alleges national origin discrimination.   Therefore, even if Plaintiff had labeled her allegations as racial discrimination, this court would be forced to find that they instead constitute national origin discrimination.

Even if Plaintiff's Complaint had alleged racial discrimination, Plaintiff failed to adequately make her prima facie case for hostile work environment by failing to satisfy the third prong requiring the alleged harassment to be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere."  *See Causey*, 162 F.3d at 801. Plaintiff's Complaint states that Plaintiff "was subjected to a hostile work environment with severe and pervasive conduct which permeated her work environment."   However, a "naked contention of mistreatment fails to suggest that harassment was either severe or pervasive enough to [alter] working conditions."  *See Land*, 2012 WL 1669678, at *2.

Last, Plaintiff asks for leave to amend her Complaint in the event that her allegations do not support racial discrimination under section 1981.   While generally leave is granted on a generous basis, local rules demand that "[m]otions shall not be included in responsive briefs.  Each motion must be set forth as a separately filed pleading."  LCvR 7.1(C)(2).  Had Plaintiff wished to amend her Complaint, she had adequate time to file such a motion.

## 2. Retaliation

Plaintiff also alleges retaliation under § 1981. In order to establish a prima facie case for retaliation, Plaintiff must show (1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) there is a causal nexus between the protected activity and the adverse action. *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 250 (4th Cir. 2015).

According to the Fourth Circuit in *Shields v. Federal Express Corp*, "temporal evidence alone cannot establish causation for a prima facie case of retaliation, unless the temporal proximity between an employer's knowledge of protected activity and an adverse employment action was very close." *Shields v. Federal Exp. Corp.* 120 Fed. Appx. 956, 963 (4th Cir. 2005) (citing *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) (per curiam) (internal quotation marks omitted). While a bright line rule for temporal proximity does not exist, evidence that the employer took the adverse action three or four months after the protected activity cannot alone establish causation. *See id.* (citing *Clark*, 532 U.S. at 273-74).

Plaintiff has failed to sufficiently allege a causal nexus between her protected activity and the adverse action. Plaintiffs' termination occurred approximately three (3) months after she allegedly complained to Human Resources. Although Plaintiff does assert that that her work was more strictly scrutinized, these threadbare allegations lack the substance necessary to establish causation. *See Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 410 (M.D.N.C. 2004) (finding that allegations that an employer "engaged in bad faith and malicious conduct . . . regarding the discrimination and retaliation

received by [the plaintiff] during her employment" contained "no factual support to sufficiently link [the defendants] to the alleged discriminatory firing of [the plaintiff].")

Because Plaintiff failed to adequately allege causation between her complaints to Human Resources and her termination, her retaliation claim must likewise fail.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 6) is hereby GRANTED.


Signed: August 3, 2018

Graham C. Mullen
United States District Judge